TRULINCS 58021037 - COHEN, JEFFREY BRIAN - Unit: OTV-E-B

----------------------------------------------------------------------

FROM: 58021037
TO:
SUBJECT: SAC 7:23-cv-08099
DATE: 08/07/2024 01:45:55 PM



IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

JEFFREY COHEN,
    Plaintiff,

v.                                                                 Case No. 7:23-cv-08099

J.L. JAMISON, Warden,

and

THE UNITED STATES OF AMERICA,

and

SEVEN CORNERS, INC.
    Defendants.

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff Jeffrey Cohen, pro se ("Cohen") hereby submits as follows:

1. Cohen's Initial Complaint (ECF 8-1) is incorporated by reference as if fully set forth here.

2. Jurisdiction is proper for this Amendment pursuant to 28 U.S.C. 1367 and 5 U.S.C. 701, et seq.

3. In addition to the named Defendant United States, Seven Corners, Inc. is added as a named Defendant. Seven Corners is a corporation that: is domiciled in Carmel, Indiana, is authorized to transact business in the State of New York (DOS ID 3483039), and can be served at 303 Congressional Blvd. Carmel, IN 46032. Seven Corners is a third-party contractor that has been engaged by the Bureau of Prisons to schedule the outside medical care for inmates at FCI Otisville.

### CLAIMS (Cont'd)

Claim #4: Ordinary Negligence (Seven Corners)

4. All preceding paragraphs are incorporated as if set forth here.

5. Upon information and belief, Seven Corners was engaged by the BOP to obtain the services of specialized medical care for the particularized needs of Cohen. Seven Corners was tasked by the Health Services Staff at FCI Otisville with: scheduling a sleep apnea test for Cohen in December 2022; scheduling a consult for Cohen with an orthopedist in January 2023; and scheduling an MRI for Cohen in January 2023. Seven Corners delayed the needed medical care and failed to schedule the care as directed by the BOP.

TRULINCS 58021037 - COHEN, JEFFREY BRIAN - Unit: OTV-E-B
----------------------------------------------------------------------

6. Seven Corners is a non-medical professional entity that is in the business of scheduling health care for incarcerated persons. The entity recklessly disregarded their duty to provide needed care for Cohen's treatment plan. Seven Corners' denial/delay of care was motivated by a malicious need to weigh profits over needed care. As an entity in the business of providing outsourced care for prisons, Seven Corners recklessly has adopted a policy of ignoring proper care to ensure profits. Many alternate medical providers were available to treat Cohen, yet Seven Corners disregarded their responsibility to ensure their profits. As a result, Seven Corners delayed the medically necessary care for Cohen, who has been, and continues to be harmed, physically and mentally.

CLAIMS (Cont'd)

Claim #5: Ordinary Negligence (United States)

7. All preceding paragraphs are incorporated as if set forth here.

8. Defendant owed a duty to Cohen to promptly provide for his medical care. The duty included ensuring offsite medical consults and diagnostics were scheduled properly and timely. Defendant was aware that Seven Corners was not reliable for timely scheduling needed care for prisoners. Defendant failed to follow-up with Seven Corners to check the status of Cohen's prescribed care. As a result, Cohen has been, and will continue to be, harmed physically and mentally.

Claim #6: Civil Conspiracy (All Defendants)

9. Defendants entered into an agreement where the medical care of Cohen was decidedly diminished in favor of reducing medical care expenses for the United States and making a profit for Seven Corners. Both Defendants knowingly entered into an agreement to breach their duty of care to provide needed medical care for Cohen. As a result, Cohen was physically and mentally harmed.

Claim #7: Unlawful Agency Action (United States)

10. 28 CFR 570.44 provides the supervision and restraint requirements for BOP inmates who are being transported for outside medical consults. The regulation specifies that "Restraints may be applied to an inmate going on an escorted trip, after considering the purpose of the escorted trip and the degree of supervision required by the inmate". BOP Program Statement 5538.07 further provides for the specified security protocols for the inmates.

11. BOP P.S. 5538.07 separates the security and restraint needs by the inmate's custody level (maximum or in-custody). For maximum custody inmates, "Handcuffs with the C&S handcuff cover, martin chains, padlock, and leg restraints are used at all times". A lesser requirement is specified for non-maximum security inmates: "Handcuffs with martin chains will be used at all times. Additional restraint equipment MAY BE USED AT THE ESCORTING OFFICERS' DISCRETION". (All

TRULINCS 58021037 - COHEN, JEFFREY BRIAN - Unit: OTV-E-B
------------------------------------------------------------------------------

emphasis herein added).

12. A C&S handcuff cover is commonly referred to as a "black box", the device is a rectangular metal block that is approximately four inches by three inches. The device is placed over the handcuffs to incorporate a chain that is tightly secured around an inmate's waist. The device prevents an inmate from moving his hands in any lateral direction or rotating his wrists. The device forces an inmate's hands into a paralyzing unnatural position which places significant pressure on the wrist joint to prevent an inmate from raising his arms to access any other part of his body. The device forces the handcuffs to severely press into the inmate's wrist which causes significant bruising and pain to all who are forced to wear the device.

13. Cohen has been in three different federal prisons, the only time a black box has been used on him for a transport was at FCI Otisville on May 8, 2024. When asked why the device was being deployed, the escorting officer said that the Captain of the prison ordered all inmates--regardless of their security level--to wear a black box during medical transports. He said that this command removed all discretion from his authority.

14. The use of the Black Box exacerbated a prior wrist injury and significantly harmed Cohen.

15. On May 9, 2024, Cohen submitted a formal request to the prison Warden and BOP Regional Counsel. Within, he outlined the regulations and explicitly identified the discretionary nature of the use of the device. He identified that he was not a security threat due to his minimum security scoring and lack of any disciplinary concerns. He explained the harm the device caused and requested "a decision to be made as to whether [the black box] is required for the multiple medical escorts that will be scheduled in the future". He stated that he "should not be injured in order to be seen for medical needs by outside physicians". No response was received by any BOP officials, thus judicial review pursuant to 5 U.S.C. 706(2)(A) is appropriate.

16. The decision made by the Otisville Captain to disregard the BOP regulation and place all inmates in a black box is arbitrary and capricious. The modification of the regulation to remove the authority of the escorting officer is an abuse of discretion. The Captain's decision is a substantial departure from accepted professional judgment because the circumstances of transporting Cohen to an outside medical trip while he was handcuffed, chained, and shackled, and accompanied by three armed officers, was effective to control the security of the scenario. The extra punitive addition of the black box was not necessary and the hours-long ordeal of remaining in the punitive restraint caused Cohen to be harmed.

RELIEF REQUESTED (Cont'd)

17. For Claim Nos. 4, 5, & 6, Cohen asks for an award of compensatory damages against Defendants United States and

TRULINCS 58021037 - COHEN, JEFFREY BRIAN - Unit: OTV-E-B

---

Seven Corners, and any other relief available under law.

18. For Claim No. 7, Cohen asks for injunctive relief to prevent further injury to him through the use of the unnecessary black box restraint.

19. Cohen asks for an award of punitive damages against Defendant Seven Corners.

20. Cohen asks for a jury trial for the non-FTCA claims against Defendant Seven Corners.

Respectfully submitted on August 8, 2024.

/s/ Jeffrey Cohen
Jeffrey Cohen
58021-037
Plaintiff, pro se
PO Box 1000
Otisville, NY 10963

## NOTICE OF SERVICE

I declare that a copy of the foregoing Amended Complaint was served on counsel of record via First Class U.S. Mail, postage prepaid.

/s/ Jeffrey Cohen
Jeffrey Cohen

TRULINCS 58021037 - COHEN, JEFFREY BRIAN - Unit: OTV-E-B

--------------------------------------------------------------------------------

FROM: 58021037
TO:
SUBJECT: SDNY Cvr Ltr
DATE: 08/08/2024 10:10:20 AM


August 7, 2024

Clerk of Court
Pro Se Intake Unit
USDC SDNY
300 Quarropas St.
White Plains, NY 10601

    Re: 7:23-cv-08099

Dear Madam Clerk:

    Enclosed, please find a copy of the Amended Complaint as referenced in the Court's July 30, 2024 Order (ECF 48) which authorized the filing of the pleading. Please file it accordingly.

    Also, the Complaint adds a new Defendant: Seven Corners, Inc. 303 Congressional Blvd. Carmel, IN 46032, please send me a summons so that service may be effected by certified mail.

Thank you,

Jeffrey Cohen
Plaintiff, pro se
58021-037
PO Box 1000
Otisville, NY 10963

cc: Counsel of Record



RECEIVED
AUG 15 2024
U.S.D.C.
W.P.

Case 7:23-cv-08099-NSR   Document 49   Filed 08/15/24   Page 6 of 6

⇔58021-037⇔
Jeffrey Cohen
PO BOX 1000
FCI Otisville
Otisville, NY 10963
United States

RECEIVED
AUG 15 2024
U.S.D.C.
W.P.

Clerk of Court
Pro Se Intake
USDC SDNY
300 Quarropas St.
White Plains, NY 10601

10601-414000

WESTCHESTER NY 105
13 AUG 2024 PM 1 L


