

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

*86 Chambers Street*
*New York, New York 10007*

May 16, 2025

**By ECF**

Hon. Victoria Reznik
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    Re:    *Cohen v. United States,* et al., No. 23 Civ. 8099 (NSR)

Dear Judge Reznik:

    This Office represents the United States of America (the "Government") in connection with *pro se* plaintiff Jeffrey Cohen's ("Plaintiff") claims brought pursuant to the Federal Tort Claims Act and the Administrative Procedure Act, ECF Nos. 8, 49. I write pursuant to the Court's order dated May 5, 2025, directing the Government to respond to Plaintiff's motion to compel. ECF No. 89. As explained below, the court should deny Plaintiff's motion to compel as premature with leave to renew at a later time, as the Government has produced hundreds of pages of records to Plaintiff that are responsive to his requests and the parties have not yet had an opportunity to meet and confer concerning a number of Plaintiff's unclear discovery demands.

    On December 18, 2024, the Government received Plaintiff's requests for production dated November 19, 2024. On December 19, 2024, agency counsel for the Federal Bureau of Prisons spoke with Plaintiff via telephone and requested an extension of time for the Government to respond to Plaintiff's discovery requests. Following that call, agency counsel relayed via e-mail that Plaintiff consented to the Government's request for an extension until March 4, 2024.

    Accordingly, on March 4, 2025, the Government served its responses and objections to Plaintiff's requests for production. The Government also made three productions of over 500 pages of responsive documents to Plaintiff between March 5, 2025, and March 12, 2025. However, the Government indicated that it was available to meet and confer regarding many of Plaintiff's requests because, among other reasons, it was unclear to the Government what records Plaintiff was seeking and how they were relevant to his claims. For example, Plaintiff has requested "materials showing all policy waivers at FCI Otisville," as well as "[m]aterials showing Pre-Certification requirements for URC at FCI Otisville." The Government would like to meet and confer with Plaintiff to get a better understanding of exactly what he seeks and how those materials are relevant to his claims that the medical staff at FCI Otisville negligently delayed or denied treatment for his back pain and sleep apnea.

On March 31, 2025, Plaintiff filed a motion to compel the Government to produce certain documents in response to his discovery requests. ECF No. 82. Shortly thereafter, on April 4, 2025, the parties met and conferred via telephone. I explained to Plaintiff that the parties needed to sign a Privacy Act Order before further productions could be made.[1] I also reiterated that the Government was willing to meet and confer regarding Plaintiff's requests but noted that a case management plan and scheduling order was not yet in place. Accordingly, the parties agreed that the Government would write to the Court to request an initial conference during which the parties could discuss a civil case discovery plan and scheduling order. The Government filed that joint letter on April 7, 2025. ECF No. 83. Judge Roman denied the parties' request and ordered the parties to jointly complete a case management plan and scheduling order. ECF No. 85. Following another meet and confer conducted via telephone, the Government filed a proposed civil case discovery plan and scheduling order on behalf of all parties on April 29, 2025. ECF No. 87. The Court so ordered the plan on May 2, 2025. ECF No. 88. Pursuant to that Order, fact discovery is set to conclude on September 19, 2025. *Id.*

In sum, Plaintiff's motion to compel is premature at this time. The Government intends to continue to meet and confer with Plaintiff regarding his requests for production. Given that fact discovery has just begun, Plaintiff's motion to compel should be denied without prejudice to renew at a later time should the parties reach an impasse requiring the Court's attention.

Thank you for your consideration of the Government's letter.

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    /s/ Rebecca L. Salk
REBECCA L. SALK
Assistant United States Attorney
86 Chamber Street, 3rd Floor
New York, NY 10007
Tel.:   (212) 637-2714
Email: Rebecca.Salk@usdoj.gov

---

[1] Plaintiff was transferred from FCI Otisville to FCI Danbury on April 23, 2025. Plaintiff subsequently requested that the Government send him another copy of the proposed order for his review. I therefore sent Plaintiff another copy of the proposed order for his review on April 29, 2025. The Government received Plaintiff's executed signature page for the proposed order on May 13, 2025, and filed a copy of the proposed order for the Court's review later that day. ECF No. 94. The Court so ordered the parties' proposed order on May 15, 2025. ECF No. 95.

cc:   Jeffrey Cohen
      Reg. No. 58021-037
      FCI Danbury
      33 1/2 Pembroke Station
      Route 37
      Danbury, CT 06811
      *PRO SE*
      (By U.S. Mail)

Plaintiff's motion to compel is **DENIED with leave to renew** after the parties meet and confer. The parties are directed to meet and confer about the items discussed in ECF No. 82 and submit a joint status letter to the Court by no later than **6/9/2025**, updating the Court on the outcome of the meet and confer, the status of discovery, their anticipated next steps, and any issues.

The Clerk of Court is directed to close the gavel associated with ECF No. 82.

SO ORDERED.

_____
Hon. Victoria Reznik, U.S.M.J.

Dated: 5/19/2025