**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

Jeffrey Cohen,

                    Plaintiff,

      -against-

United States of America et al.,

                    Defendants.

------------------------------------------------------------------X

23-cv-08099-NSR-VR

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

Plaintiff Jeffrey Cohen objects to this Court's Opinion and Order entered September 9, 2025, and asks that the Court reconsider its opinion.[1] (ECF No. 132). For the reasons below, the motion is **DENIED**.

## I. BACKGROUND

The Court assumes familiarity with the factual background and procedural history of this Federal Tort Claims Act (FTCA) action. In June 2025, Plaintiff moved for leave to supplement his operative pleading under Rule 15(d) of the Federal Rules of Civil Procedure. (ECF No. 103). He sought to name two new individuals as defendants and assert various common-law tort claims against them based on their involvement with the loss or destruction of some of his legal materials. (ECF No. 104 at 1, 10–12). The two individuals were John Doe, a Bureau

---

[1] Plaintiff's document is titled an objection and contains multiple mentions that he "objects" to the Court's determination. (ECF No. 132 at 1–4) But he also asks the Court to "reconsider" its determination and refers to facts and law he believes the Court overlooked. Thus, this Court liberally construes Plaintiff's filing to be a motion for reconsideration under Rule 59(e) and Local Civil Rule 6.3.

of Prisons (BOP) employee at FCI Otisville in New York and Darek Puzio, a BOP employee (an Assistant Warden) at FCI Danbury in Connecticut. (*Id.*). Defendant United States of America (the Government) opposed the motion (ECF No. 112), and Plaintiff submitted reply papers (ECF No. 123).

By Opinion and Order entered September 9, 2025 (the September 9th Order), Plaintiff's motion to add supplemental claims was denied as futile. (ECF No. 127). Applying the relevant state law to Doe's and Puzio's alleged conduct, the Court determined that both were immune from suit for common-law tort claims under the FTCA because they were acting within the scope of their employment when they allegedly lost or discarded Plaintiff's legal materials. (ECF No. 127 at 11–13) ("Handling a prisoner's personal possessions is plainly within the normal and expected duties of BOP officials. . . . Whether Doe and Puzio acted wrongfully in *how* they handled Plaintiff's personal property d[id] not remove their conduct from within the scope of their employment.").

Plaintiff now seeks to have this Court reconsider its September 9th Order. (ECF No. 132), which the Government opposes (ECF No. 145).[2] But Plaintiff only challenges the Court's determination that Puzio was acting within the scope of his employment; he does not challenge the Court's determination about Doe.

---

[2] The Government's opposition treats Plaintiff's filing as an objection under Rule 72 of the Federal Rules of Civil Procedure and wrongly identifies the September 9th Order as a Report and Recommendation to the Honorable Nelson S. Román (which it was not). As noted above, this Court construes Plaintiff's filing as a motion for reconsideration.

## II. LEGAL STANDARD

Whether to grant or deny a motion for reconsideration falls within the "sound discretion" of a district court. *Occilien v. Related Partners, Inc.*, 19 Civ. 7634 (KPF), 2021 WL 1222289, at *1 (S.D.N.Y. Apr. 1, 2021) (internal quotation marks and citations omitted). But it is "an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). The moving party bears the burden of showing that "the court failed to consider evidence or binding authority" when it decided the underlying motion and that there is a reasonable expectation that those overlooked items would alter the Court's determination. *Id.* ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."); *see also Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (holding party seeking reconsideration must "identif[y] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (internal quotation marks and citations omitted)). This standard is a "strict" one, ensuring that a motion for reconsideration is not used as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Picard v. Sage Assocs.*, 20cv10057 (DLC), 2025 WL 3079906, at *1 (S.D.N.Y. Nov. 4, 2025) (internal quotations marks and citations omitted).

### III.   DISCUSSION

Plaintiff argues that this Court overlooked "pertinent" factual allegations in his proposed supplemental pleading by mischaracterizing Puzio's conduct as "handling" Plaintiff's personal property, when it should have been characterized as intentionally disposing of it instead. (ECF No. 132 at 2–3). He also argues that this Court misapplied Connecticut law in determining whether Puzio was acting within the scope of his employment, and points to a different case that purportedly provides a "better" standard to apply. (*Id.* at 3–4).

In response, the Government argues that the Court correctly applied Connecticut law in the September 9th Order. (ECF No. 145 at 10–11). And, in any case, applying Plaintiff's "better" test does not alter the Court's earlier determination that Puzio acted within the scope of his employment. (*Id.* at 11–14).

As discussed below, Plaintiff fails to show that this Court overlooked factual evidence or binding authority that would alter its conclusion.

### A. The Court did not overlook Puzio's alleged disposal of Plaintiff's legal materials, and labeling his actions "disposal" or "mishandling" does not alter the Court's conclusion.

Plaintiff first argues that the Court misapprehended or overlooked the allegations against Puzio by apparently mixing them up with the allegations against Defendant Doe. According to Plaintiff, Defendant Doe allegedly lost or failed to ship a box of his legal materials during packaging and shipping from FCI Otisville to FCI Danbury. (ECF No. 132 at 2). By contrast, Puzio allegedly disposed of Plaintiff's legal materials by removing them from his cell and then throwing them

away. (*Id.* at 2–3). Thus, Plaintiff suggests that the Court mixed up these allegations when it wrongly characterized Puzio's harmful conduct as the mere "mishandling" of Plaintiff's legal materials, when Plaintiff's allegations state that Puzio deliberately disposed of those materials instead. (*Id.*). But the Court refers several times throughout its opinion to Plaintiff's allegation that Puzio "improperly disposed of his legal materials."[3] (ECF No. 127 at 6). Thus, the Court did not misapprehend Plaintiff's allegations or fail to consider them.

In any case, Plaintiff's attempt to distinguish Puzio's conduct as "disposal" of his personal property, rather than mishandling it, is a distinction without a difference for purposes of the Court's scope of employment analysis. According to Plaintiff, because BOP regulations do not allow prison officials to dispose of prisoners' possessions, then Puzio's conduct necessarily falls outside the scope of his employment duties. (ECF No. 132 at 3–4). But Plaintiff's framing of the issue views Puzio's alleged conduct in a vacuum by isolating it from the larger context of his job duties. As the Court explained in its September 9th Order, handling a prisoner's personal possessions is plainly within the normal and expected duties of BOP officials, as shown by the host of federal regulations governing that conduct. (ECF No. 127 at 11–12) (citing 28 C.F.R. §§ 553.10–.15). Such duties include allowing an inmate "a reasonable amount of personal legal materials," 28 C.F.R. § 543.11(j), and

---

[3] Disposal of Plaintiff's legal materials is referenced no less than six times. (ECF No. 132 at 3–4, 6, 14, 19) ("[I]ndividuals intentionally disposed of those [legal] materials," "disposed of his legal materials," "legal materials were intentionally lost or destroyed," "improperly disposed of his legal materials," "disposing of his legal materials," and "allegedly disposed of Plaintiff's legal materials.").

also "limit[ing] the amount of legal materials an inmate may accumulate for security or housekeeping reasons." 28 C.F.R. § 543.11(d)(2).

Here, as the Assistant Warden, Puzio's job duties included the handling of Plaintiff's legal materials, as well as limiting the amount of them, if necessary. In connection with those duties, Plaintiff alleges that Puzio entered his housing unit and told him to send legal materials that could not fit in his two allotted lockers either home or to his lawyer. (ECF No 104 at 6–7 (Compl. ¶¶ 23–25)). When Plaintiff refused, he alleges that Puzio became upset and directed him to dispose of the material. *Id.* Several days later, Puzio allegedly entered Plaintiff's housing unit when he was not there, took two trash bags containing his legal materials into a closed office, and threw them away. *Id.*

As the Court explained in its September 9th Order, whether Puzio acted wrongfully in how he handled Plaintiff's personal property does not remove his conduct from within the scope of his employment. (ECF No. 127 at 12). As the Second Circuit explained in *Rivera*, "the question of whether the act was wrongful is a different one from whether the act occurred while the employee was acting within the scope of his employment." *See Rivera v. United States*, 928 F.2d 592, 608–09 (2d Cir. 1991). Whether the Court characterizes Puzio's conduct as wrongfully "disposing" of or "mishandling" Plaintiff's legal materials, the outcome is the same: his actions, however misguided, were still within the scope of his employment duties.[4]

---

[4] Categorizing Puzio's conduct as being within the scope of his employment duties does not condone the conduct alleged or leave Plaintiff without a potential remedy. Under the FTCA, Plaintiff can still

### B. Plaintiff's "better" legal test is not a change in controlling law, and in any case also supports the Court's conclusion.

Plaintiff also argues that the Court generally got the Connecticut law right but should have used an alternative, "better" test to determine whether Puzio's conduct fell outside the scope of his employment. (ECF No. 132 at 3–4). Under this "better" standard, Plaintiff argues that the Court should have analyzed whether Puzio's conduct: (1) occurred primarily within the authorized time and space limits of his employment, (2) was the type of work he was employed to perform, and (3) was done to serve the employer in some way. (*Id.* at 4) (citing *Harp v. King*, 835 A.2d 953, 974 (Conn. 2003)). According to Plaintiff, applying this better test results in a conclusion that Puzio's conduct was outside the scope of his employment. (ECF No. 132 at 4). The Court disagrees.

First, Plaintiff fails to identify any controlling or binding authority that the Court overlooked or failed to apply. Plaintiff admits that the Court "identified the relevant Connecticut state law to generally determine" the scope of employment question. (*Id.* at 3). And he fails to identify how the standard applied by the Court differs in any meaningful way from the "better" test he proposes.

Second, even if the Court were to apply Plaintiff's alternative test, it would not alter the Court's conclusion. First, Puzio's handling of Plaintiff's personal property occurred squarely within the space and time of his employment; Plaintiff only offers conclusory statements otherwise. Indeed, Plaintiff's complaint alleges

---

pursue his claims against the United States, subject to exhaustion requirements, just not against Puzio individually. That is what the FTCA intended.

that Puzio discarded Plaintiff's legal materials in an office at FCI Danbury. (ECF No. 104 at 6–7 (Compl. ¶ 25)).

Second, such handling of materials is also precisely the type of work he was hired to perform. As mentioned in the September 9th Order, there are a host of federal regulations that cover handling prisoner personal property. *See, e.g.*, 28 CFR §§ 553.10–.15 (regulations governing "Inmate Personal Property"). And some of those regulations explicitly cover the ability to use storage space, the ability to possess legal materials, limitations on those abilities, and what to do when any limitations are reached, which are all relevant to the factual circumstances here. *See* 28 CFR § 553.11(b) (stating prisoners may use locker "to store authorized personal property," but "[s]taff may not allow an inmate to accumulate materials to the point where the materials become a fire, sanitation, security, or housekeeping hazard."); 28 CFR § 543.11(d)(2) ("The Warden may limit the amount of legal materials an inmate may accumulate for security or housekeeping reasons.").

Third, and finally, it cannot be said that Puzio's alleged conduct did not serve the BOP in some way. Maintaining limitations on personal property furthers the regulations governing the BOP's operations, and removing excess legal materials enforces those limitations. Thus, even under Plaintiff's alternative test, Puzio's alleged conduct fell within the scope of his employment. In any event, under Connecticut law, "'a misguided effort to serve the principal'" by an employee still falls within the scope of employment when the conduct "'could be inferred to fall within the purview of their responsibilities.'" *Mascussi v. United States*, 3:23-cv-

00623-VDO, 2024 WL 3493214, at *3 (D. Conn. July 22, 2024) (quoting *Quichimbo v. Luow*, CV176069576S, 2018 WL 6629231, at *3 (Conn. Super. Ct. Nov. 26, 2018)). As explained above, handling prisoner personal property was one of Puzio's responsibilities. Thus, his conduct would still fall within the scope of his employment, despite any poor or misguided performance that occurred.

By failing to show that this Court overlooked any factual evidence or binding legal authority in determining Puzio's conduct was within the scope of his employment, Plaintiff fails to satisfy his burden to warrant reconsideration. *See Richardson v. Com. Media Holdings, LLC*, 24 Civ. 4660 (PAE), 2025 WL 1938705, at *2–5 (S.D.N.Y. July 15, 2025) (denying motion for reconsideration of motion to dismiss because plaintiff failed to identify facts or binding authority court overlooked in deciding underlying motion).

## IV.     CONCLUSION

For the above reasons, the motion for reconsideration by Plaintiff Jeffrey Cohen is DENIED.

**SO ORDERED.**

DATED:   White Plains, New York
         December 10, 2025

_____
VICTORIA REZNIK
United States Magistrate Judge